IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HARDY, JR., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| *Acting Commissioner of the* | : | No. 13-2326 |
| *Social Security Administration*, | : | |
| Defendant. | : | |

**O R D E R**

AND NOW, this 29th day of April, 2015, upon consideration of Mr. Hardy's Brief and Statement of Issues in Support of Request for Review (Docket No. 7) and Defendant's Response to Mr. Hardy's Request for Review (Docket No. 9), and after review of United States Magistrate Judge Marilyn Heffley's Report and Recommendation (Docket No. 11), and Defendant's Objections thereto (Doc. No. 12), it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.
2. Ms. Brown's Request for Review is GRANTED in part and DENIED in part, and the decision of the Commissioner of the Social Security Administration is REVERSED to the extent that the matter is REMANDED to the Commissioner for further proceedings consistent with Judge Heffley's Report and Recommendation.
3. Defendant's Objections are OVERRULED.[1]

---

[1] Defendant objects to the conclusion in the Report and Recommendation that the Administrative Law Judge ("ALJ") failed to adequately address Mr. Hardy's obesity in her decision. Defendant argues that (1) the ALJ adequately considered and addressed the effects of obesity on Mr. Hardy's ability to work; (2) because Mr. Hardy did not assert obesity as an impairment, the ALJ did not err in her analysis with respect to obesity; and (3) further consideration of Mr. Hardy's obesity would not have altered the outcome. The Court reviews these objections *de novo*. *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). In light of Third Circuit precedent as set forth in *Diaz v. Commissioner of Social Security*, 577 F.3d 500 (3d Cir. 2009), each of these arguments fails.

The Court agrees with Judge Heffley that the ALJ did not adequately address the effects of Mr. Hardy's obesity on steps three through five of the five-step analysis used to determine whether individuals are entitled to disability benefits. The ALJ found that Mr. Hardy's obesity was a severe impairment (step two), but did not discuss the medical severity of his obesity or how his obesity affected the medical severity of his other impairments (step three). The ALJ

4. JUDGMENT IS ENTERED in favor of Mr. Hardy, thereby reversing the decision of the Commissioner for the purpose of this remand only.

5. The Clerk of Court shall mark this case CLOSED for all purposes, including statistics.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

additionally did not consider whether Mr. Hardy's obesity affected his residual functional capacity as it relates to his past employment (step four) or other potential employment (step five). The ALJ acknowledged that she needed to consider obesity's effects on these steps, but stated only that "[t]hese considerations have been taken into account in reaching the conclusions herein at the second through fifth steps of the sequential disability evaluation process." R. at 23. This conclusory statement is insufficient to allow for meaningful judicial review. *See Diaz*, 577 F.3d at 504 ("Conclusory statements that a condition does not constitute the medical equivalent of a listed impairment are insufficient. The ALJ must provide a 'discussion of the evidence' and an 'explanation of reasoning' for his conclusion sufficient to enable meaningful judicial review."). Defendant asserts that the ALJ's reliance on "medical sources who were cognizant of Plaintiff's mild obesity as they evaluated Plaintiff's other alleged impairments" was sufficient. Objs. at 3. The Court disagrees. *Diaz* makes clear that when the ALJ determines that obesity constitutes a severe impairment, merely citing medical reports by doctors aware of the obesity will not suffice. 577 F.3d at 504.

Defendant attempts to distinguish *Diaz* by noting that Mr. Hardy did not himself assert obesity as an impairment. However, the Court finds that "once an ALJ characterizes obesity as a severe impairment, the ALJ must assess obesity and its effect on claimant's other impairments and work ability," regardless of whether the claimant initially asserted it. *Ellis v. Astrue*, No. 09-1212, 2010 WL 1817246, at *4 (E.D. Pa. Apr. 30, 2010) (Rice, M.J.). Therefore, the ALJ was required to analyze the effect, "individually, and in combination with claimant's other impairments," of Mr. Hardy's obesity on his "workplace function at every step of the sequential process." *Id.* at *5 (citing *Diaz*, 577 F.3d at 504-05). The ALJ did not do so.

Finally, Defendant asserts that the error was harmless because Mr. Hardy's obesity is mild and would not render him unable to work. The Court cannot reach this conclusion. Mr. Hardy's severe impairments included diabetes, a degenerative disc disease of the lumbar spine, seizure disorder, and depression. R. at 23. Any of these conditions could have been exacerbated by Mr. Hardy's obesity, but in her decision the ALJ failed to reason through obesity's effects on these conditions and on Mr. Hardy's ultimate ability to perform work functions such as "a good deal of walking or standing," 20 C.F.R. § 416.967(b) (definition of "light work").